RYAN H. WEINSTEIN (Bar No. 240405)
ryan.weinstein@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Boulevard
Los Angeles, California 90067
Tel: (310) 975-3310
Fax: (310) 975-3400

Attorneys for Defendant
THE MATHWORKS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE MATHWORKS, INC.,<br><br>Defendant. | Case No. **'25CV564 JES SBC**<br><br>**NOTICE OF REMOVAL OF ACTION; EXHIBITS**<br><br>State Case No. 24CU029715C<br><br>State Complaint Filed:<br>December 20, 2024<br><br>State Complaint Served:<br>February 7, 2025 |

NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant The MathWorks, Inc. ("MathWorks") hereby removes this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Attached hereto as **Exhibits 1** and **2** are copies of the Complaint and Summons in *Rodriguez v. The MathWorks, Inc.,* No. 24CU029715C. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the state action are attached hereto as **Exhibits 3** through **7**.

I. **BACKGROUND**

1. MathWorks produces and develops mathematical computing and engineering software, and operates a website at www.mathworks.com. Ex. 1, Compl. ¶ 5. Plaintiff alleges that, "[w]ithin the statute of limitations period," she visited the MathWorks website and shared "personal data and personal identifying information" over the website's chat feature. Plaintiff further alleges that her communication was intercepted and eavesdropped upon by Salesforce, which she characterizes as a third-party provider of "automatic routing software." *Id.* ¶¶ 11, 18.

2. Based on these allegations, Plaintiff alleges that MathWorks aided and abetted Salesforce's violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631. Plaintiff purports to assert claims on behalf of herself and a putative class. *Id.* ¶¶ 21, 27–33.

II. **REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT**

3. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which: (1) "the number of members of all proposed plaintiff classes in

the aggregate" is 100 or more; (2) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

### A.  The Putative Class Exceeds 100 Members

4.  Plaintiff purports to assert CIPA claims on behalf of herself and a putative class described as "all persons who communicated with [MathWorks] using the chat feature on [MathWorks'] Website while physically located in the United states within the statute of limitations period." Ex. 1, Compl. ¶ 21. The applicable limitations period is one year. Cal. Civ. Proc. Code § 340. Mathworks.com receives thousands of website visits per month, and the website's chat functionality is available to all visitors. About 5 million people use MathWorks' MATLAB software worldwide.[1]

### B.  The Amount in Controversy Exceeds $5,000,000

5.  Without prejudice to MathWorks's defenses or conceding the merits of Plaintiff's claims, Plaintiff's allegations show that the amount purported to be in controversy exceeds the jurisdictional amount. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)). In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability."). "In

---

[1] *See* MathWorks 2024 Fact Sheet, https://www.mathworks.com/content/dam/mathworks/fact-sheet/2024-company-factsheet-8-5x11-8282v24.pdf.

that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

6. "A defendant's preponderance burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *2 (C.D. Cal. Feb. 5, 2018). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F. Supp. 2d at 1205. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014).

7. Persons injured by a violation of CIPA are entitled to the greater of $5,000 "per violation" or "[t]hree times the amount of actual damages, if any, sustained by the plaintiff." Cal. Pen. Code § 637.2. MathWorks receives thousands of website visits per month, and the website's chat functionality is available to all visitors. Statutory CIPA damages associated with just 1,000 visitors would meet the jurisdictional threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) (defendant may rely on a "reasonable" "chain of reasoning" based on "reasonable" "assumptions" to show amount in controversy exceeds jurisdictional threshold). [2] Therefore, based on the readily available information regarding MathWorks' website traffic and the statutory damages provided by CIPA, the potential amount in controversy, even under conservative estimations, plausibly exceeds $5,000,000, satisfying the jurisdictional requirements for removal.

---

[2] MathWorks reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction. *See Dart Cherokee*, 574 U.S. at 89 ("[e]vidence establishing the [jurisdictional] amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

### C. Minimal Diversity is Satisfied

8. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). The named Plaintiff is a citizen of California. Ex. 1, Compl. ¶ 4. Defendant MathWorks is a corporation organized under the laws of Delaware (*see id*. at 1) with its principal place of business in Massachusetts. Therefore, at least one member of the proposed class is a citizen of a state different from that of Defendant.

## III. OTHER REQUIREMENTS FOR REMOVAL ARE MET

9. Removal is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because MathWorks was served with the Complaint on February 7, 2025.

10. The Southern District of California is the proper venue for this action because this "district and division embrac[e]" the San Diego Superior Court. 28 U.S.C. §1441(a); 28 U.S.C. §84(d) (providing that San Diego County is part of the Southern District of California).

11. MathWorks will promptly serve this Notice of Removal on Plaintiff and will promptly file and serve a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, as required under 28 U.S.C. § 1446(d).

## IV. RESERVATION OF RIGHTS AND DEFENSES

12. MathWorks reserves all defenses and rights, and nothing in this Notice of Removal should be construed as in any way conceding the truth of Plaintiff's allegations or waiving any of MathWorks's rights or defenses.

DATED: March 10, 2025       ROPES & GRAY LLP

By: */s/ Ryan H. Weinstein*
    Ryan H. Weinstein

Attorneys for Defendant
THE MATHWORKS, INC.